UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AARON RAYMOND,<br> *Plaintiff*,<br><br>  v.<br><br>MANCHESTER POLICE DEPARTMENT,<br>*et al.*,<br> *Defendants*. | No. 3:25-cv-2067 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

Mr. Aaron Raymond filed suit in the Superior Court of Hartford against the Manchester Police Department ("MPD") and Chief William Darby (collectively, "Defendants") alleging a violation of civil rights under 42 U.S.C. § 1983. *See* Compl., ECF No. 1-2 ("Compl."). The Defendants removed the action to this Court. *See* Not. of Removal, ECF No. 1 ("Not. of Removal"). They now move to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). Mot. to Dismiss, ECF No. 14; Mem. of Law in Support of Mot. to Dismiss, ECF No. 14-1 ("Mot.").

For the following reasons, the motion to dismiss is **GRANTED**.

To the extent the deficiencies in this Complaint can be remedied, Mr. Raymond may file an Amended Complaint by **August 14, 2026**. If an Amended Complaint is not filed by that date, or any Amended Complaint filed by that date does not adequately address the deficiencies identified herein, this dismissal will be with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

Mr. Raymond alleges that he was falsely arrested after leaving a T-Mobile Store in Manchester, Connecticut, where he allegedly "caught T-Mobile employees involved with phone

hacking." Compl. at 2. He alleges that "[his] phone was hacked in the past against [his] will, with T-Mobile service." *Id.* According to Mr. Raymond, these alleged actions violated his Fifth, Sixth, and Fourteenth Amendment rights. *See* Civil Cover Sheet, ECF No. 1-4. He seeks $75,000,000 in damages. *See* Compl. at 6.

### B. Procedural History

On or around November 18, 2025, Mr. Raymond initiated the action by serving the Defendants and filing suit in Connecticut Superior Court for the Judicial District of Hartford at Hartford. *See* Not. of Removal.

On December 11, 2025, the Defendants removed the case to this Court. *See id.* On December 12, 2025, the Defendants moved for an extension of time until January 19, 2026 to respond to the Plaintiff's Complaint, *see* Mot. for Extension of Time, ECF No. 5, which the Court granted, *see* Order, ECF No. 6.

On January 16, 2026, the Defendants filed a motion to dismiss Mr. Raymond's Complaint. Mot. On January 23, 2026, Mr. Raymond filed an objection to the motion to dismiss. Obj., ECF No. 18 ("Obj."). On February 4, 2026, the Defendants filed their reply. Reply, ECF No. 20 ("Reply"). On February 10, 2026, Mr. Raymond filed a sur-response. Sur-response, ECF No. 21.

## II.    STANDARD OF REVIEW

### A. 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). The

plaintiff therefore must make a prima facie showing that jurisdiction exists. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012).

"This prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Id*. (internal quotation marks omitted); *see also Glenwood Sys., LLC v. Med-Pro Ideal Sols., Inc.*, No. 3:09-cv-956 (WWE), 2010 WL 11527383, at *2 (D. Conn. May 4, 2010) ("At this stage of the proceedings, if the court relies upon pleadings and affidavits, the plaintiff must make out only a prima facie showing of personal jurisdiction, and the affidavits and pleadings should be construed most favorably to the plaintiff."), *aff'd*, 438 F. App'x 27 (2d Cir. 2011) (citing *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986)). A court considers the facts as they existed when the plaintiff filed the complaint. *See id.* (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 52 (2d Cir. 1991)).

### B.  12(b)(5)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) due to insufficient service of process "must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules [of Civil Procedure], which sets forth the federal requirements for service." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007); *see* Fed. R. Civ. P. 12(b)(5). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 110 (D. Conn. 1999).

### C.  12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## III.   DISCUSSION

The Defendants move to dismiss Mr. Raymond's Complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6).

Under Rule 12(b)(2), the Defendants argue that the Court lacks personal jurisdiction over the Manchester Police Department because it "is not an independent body politic capable of suing or being sued" under 42 U.S.C. § 1983. Mot. at 4.

Next, the Defendants argue that dismissal is warranted under Rule 12(b)(5), since the Complaint "was not delivered to an appropriate agent for service in violation of [Federal Rule of Civil Procedure] 4(e) and 4(j)." *Id.*

Finally, they argue that Mr. Raymond has failed to state a claim under 12(b)(6) for two reasons. First, in their view, Mr. Raymond has not established Chief Darby's personal involvement in the alleged constitutional deprivation, which is a prerequisite to an award of damages under Section 1983. *Id.* at 7. And second, broadly construing Mr. Raymond's claim against MPD as a claim against the municipality, they argue that Mr. Raymond has failed to set

forth a viable claim against the municipality under *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978). *Id.* at 7-9.

The Court addresses each argument in turn.

### A.  Personal Jurisdiction

"[A] court cannot render a judgment without first obtaining personal jurisdiction over the parties." *Argent Mortgage Co., LLC* v. *Huertas*, 288 Conn. 568, 576 (2008). The Defendants argue that Mr. Raymond cannot maintain suit against MPD because a municipal police department is not an independent legal entity, but rather a sub-unit or agency of the municipality. Therefore, the Defendants argue that MPD is not a "person" within the meaning of Section 1983.

The Court agrees.

Municipalities are "included among those persons to whom § 1983 applies." *Monell*, 436 U.S. at 690. "A municipal police department, however, is not a municipality nor a 'person' within the meaning of section 1983." *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163–64 (D. Conn. 2005) (citations omitted). Rather, a "municipal police department is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function . . . [and thus] is not an independent legal entity . . . subject to suit under section 1983." *Id.*; *see also Reed v. Hartford Police Dep't*, No. 3:03CV2147 (SRU), 2004 WL 813028, at *2 (D. Conn. Apr. 6, 2004) ("[A] municipal police department is not a 'person' within the meaning of section 1983 and not subject to suit.") (collecting cases); *Rose v. City of Waterbury*, No. 3:12-CV-291 VLB, 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) ("Courts in Connecticut have held that the 'Connecticut General Statutes contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued[.] . . . Rather, pursuant to

Connecticut enabling legislation, it is the municipality itself which possesses the capacity to sue and be sued.' . . . Accordingly, the Court dismisses the Waterbury Police Department as a Defendant in this action." (citations omitted)).

As MPD is a sub-unit of the City of Manchester, it is not a legal entity subject to suit under Section 1983. *See, e.g.*, *Knight v. Hartford Police Dept.*, No. 3:04CV969 (PCD), 2006 WL 1438649, at *24 (D. Conn. May 22, 2006) ("Because a municipal police department is not an independent legal entity, it is not subject to suit under section 1983. Accordingly, Plaintiff's § 1983 claims against the Hartford Police Department are dismissed." (internal citations and quotation marks omitted)); *Belton v. Wydra*, No. 3:17CV2006 (KAD), 2019 WL 2162718, at *4 (D. Conn. May 17, 2019) ("Furthermore, a police department is not a person amenable to suit under 42 U.S.C. § 1983. Thus, any claims against the Hamden Police Department, the Hamden Police SWAT Unit, Hamden Police Emergency Service Unit and Hamden Police Street Interdiction Unit are dismissed . . ." (internal citations omitted)).

Accordingly, the Manchester Police Department, and any claims against it, will be dismissed from this action.

### B. Service of Process

In analyzing a Rule 12(b)(5) motion, the Court examines the service requirements under Federal Rule of Civil Procedure 4. *El Ex-Relatione Dawes v. Whitehead*, No. 3:18-CV-02033 (CSH), 2019 WL 5394578, at *4 (D. Conn. Oct. 22, 2019). A motion to dismiss under Rule 12(b)(5) "must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules, which sets forth the federal requirements for service." *Rzayeva*, 492 F. Supp. 2d at 74.

The Defendants argue that service on MPD and Chief Darby did not comport with Federal Rules of Civil Procedure 4(e) and 4(j). Because Mr. Raymond's case may not proceed against MPD, the Court only analyzes the sufficiency of service on Chief Darby.[1]

The Defendants argue that Mr. Raymond did not serve Chief Darby in accordance with one of the four methods prescribed by Federal Rule of Civil Procedure 4(e). *See* Fed. R. Civ. P. 4(e) (an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located[,]" "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process").

The Court agrees.

The requirements for service of process under Federal Rule 4(e) and Connecticut state law are largely the same. *See* Conn. Gen. Stat. § 52-54 (allowing service of process on an individual by "leaving an attested copy [of the summons and Complaint] with [the Defendant] or at his usual place of abode."). For municipal employees, service may also be made "upon the clerk of the town, city or borough, provided two copies of such process shall be served upon the clerk." Conn. Gen. Stat. § 52-57(b)(7). The basis for Mr. Raymond's service of process is that he delivered a copy of the "original Writ, Summons, Complaint, Statement of Amount in Demand,

---

[1] Even if Mr. Raymond were to substitute the municipality as the Defendant in this action, he has not shown that the municipality was properly served. On November 18, 2025, Mr. Raymond served a copy of the summons to PSA Picard, Police Services Administrator. *See* Proof of Service, ECF No. 1-3. Federal Rule of Civil Procedure 4(j)(2) requires that service on a municipality be completed by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Connecticut General Statutes § 52-57(b), in turn, requires that process against a municipality be made "upon its clerk, assistant clerk, manager or one of its selectmen[.]" Therefore, service on PSA Picard, who is not the municipality's clerk, assistant clerk, manager, or selectman, does not suffice under the Federal Rules.

and Motion For Statement of Amount in Demand . . . in the hands of the PSA Picard, Police

Services Administrator," who he alleged was "authorized to accept service on behalf of" MPD

and Chief Darby. Proof of Service, ECF No. 1-3.

But Mr. Raymond did not serve Chief Darby personally, nor did he leave a copy of the

summons and Complaint at his place of abode. He has also not alleged that PSA Picard is the

town clerk, *see* Conn. Gen. Stat. § 52-57(b)(7), or an agent authorized by appointment or by law

to receive service of process on Chief Darby's behalf, *see* Fed. R. Civ. P. 4(e). Because Mr.

Raymond did not comply with the requirements of Federal Rule of Civil Procedure 4(e), service

of process on Chief Darby was insufficient. *See Rzayeva*, 492 F. Supp. 2d at 74 (stating that a

motion under Rule 12(b)(5) "must be granted if the plaintiff fails to serve a copy of the summons

and complaint on the defendants pursuant to Rule 4 of the Federal Rules [of Civil Procedure]").

Accordingly, the Defendants' motion to dismiss under Federal Rule of Civil Procedure

12(b)(5) will be granted.

### C. The Claim Against Chief Darby

Section 1983 "provides a private right of action against any person who, acting under

color of state law, causes another person to be subjected to the deprivation of rights under the

Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999).

A plaintiff seeking monetary damages from a defendant must allege facts that establish

the personal involvement of that defendant in the alleged constitutional violation. *See Wright v.

Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged

constitutional deprivations is a prerequisite to an award of damages under § 1983." (citation

omitted)). This is true with respect to supervisory officials, as well. *Tangreti v. Bachman*, 983

F.3d 609, 620 (2d Cir. 2020) ("[A] plaintiff must plead and prove the elements of the underlying

9

constitutional violation directly against the official without relying on a special test for supervisory liability.").

The Defendants argue that Mr. Raymond's Complaint fails to allege Chief Darby's personal involvement in his alleged false arrest. Mot. at 7.

The Court agrees.

"[T]here is no special rule for supervisory liability." *Tangreti*, 983 F.3d at 618. Mr. Raymond "must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* (citation and internal quotation marks omitted); *see, e.g.*, *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (stating that personal involvement means "personal participation by one who has knowledge of the facts that rendered the conduct illegal," or indirect participation, such as "ordering or helping others to do the unlawful acts") (citation omitted); *Smith*, 21 F.3d at 501 ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991))); *see also Lawrence v. Finnucan*, No. 3:20-cv-1678 (VAB), 2021 U.S. Dist. LEXIS 87694, at *6 (D. Conn. May 7, 2021) ("As a preliminary matter, [a plaintiff] must allege each defendant's personal involvement in the denial of his rights.").

But Mr. Raymond only alleges that as MPD's "representative," Chief Darby "ignore[d] [his] needs caused by [MPD's] actions in the past[.]" Compl. at 2. These allegations fall short of detailing Chief Darby's personal involvement in his alleged false arrest. And "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

10

Accordingly, having failed to sufficiently allege a claim against Chief Darby, the claim against him will be dismissed.

### D.  The Municipal Liability Claim

Under Section 1983, municipalities are not vicariously liable for the unconstitutional misconduct of their officials and employees. *See Monell*, 436 U.S. at 691. Instead, a municipality is subject to liability "only if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 62 (2d Cir. 2014).

The Defendants argue that even if Mr. Raymond's claims against MPD were to be broadly and liberally construed as claims against the municipality, he has failed to set forth a viable claim for municipal liability under Section 1983, since he has not identified any municipal policy or procedure that led to or motivated his alleged false arrest. Mot. at 7-9.

The Court agrees.

Mr. Raymond fails to allege any custom, policy, or usage that could form the basis of a municipal liability claim. And if Chief Darby did not personally arrest Mr. Raymond, any "isolated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify liability [unless] . . . done pursuant to municipal policy, or were sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisors must have been aware." *Matusick*, 757 F.3d at 62 (citation and internal quotation marks omitted).

Instead of these essential factual allegations, Mr. Raymond only alleges that MPD has acted illegally and that Chief Darby has ignored his needs. *See* Compl. at 2. But this "naked

11

assertion" of the elements of a claim "without some further factual enhancement . . . stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 557.

Accordingly, having failed to sufficiently allege a municipal liability claim, whether pled against the Manchester Police Department or the proper municipal party, the municipal liability claim will be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.

To the extent the deficiencies in this Complaint can be remedied, Mr. Raymond may file an Amended Complaint by **August 14, 2026**. If an Amended Complaint is not filed by that date, or any Amended Complaint filed by that date does not adequately address the deficiencies identified herein, this dismissal will be with prejudice.

**SO ORDERED** at New Haven, Connecticut, this 10th day of July, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

12